MR. JUSTICE CARRIGAN
delivered the opinion of the Court.
Mr. McMichael, you stand before the Supreme Court of Colorado today to be publicly censured for conduct contrary to the high standards required of Colorado lawyers. This courts’ Grievance Committee conducted a formal hearing on a complaint filed against you by former *129 clients. You appeared personally at that hearing. Based upon the evidence there submitted, the Grievance Committee made findings of fact which support the complaint against you. The Committee found you guilty of gross negligence and of having made false and misleading statements to your clients.
You have been furnished a copy of the Grievance Committee’s Findings of Fact, Conclusions and Recommendations and you have been notified of this court’s decision that a public censure is the appropriate disciplinary action in this case. You have elected not to file any exceptions to the Grievance Committee’s report.
The complaint against you was based on two separate transactions with different clients. The first transaction arose out of an automobile accident as a result of which your client, James F. Smith, was advised by the Motor Vehicle Department that his driver’s license would be revoked since he did not have insurance and had not demonstrated financial responsibility. Mr. Smith retained you and gave you $200 to cover the damages to the other automobile, and your fee.
On behalf of Smith, you telephoned the other driver involved in the accident and he agreed to come to your office to pick up $50 to reimburse the deductible portion of his loss. You stated that you also called the other driver’s insurance company but Smith denies this.
About a month later, Smith presented to you a notice from the Motor Vehicle Department stating that his license had been revoked. You assured him that he need not worry about it. He then was hospitalized for an extended period and you did nothing further. When Smith regained his health, he called the Motor Vehicle Department and was told that his driver’s license was still revoked and that they had no record of any correspondence from you. Smith was required to sell real property and arrange on his own to settle with both the other driver and the insurance company by paying their claims. He then obtained reinstatement of his driver’s license. Later, you refunded the $200 to Mr. Smith.
In our view you were grossly negligent in handling the matter entrusted to you by Mr. Smith. Moreover, in violation of DR 1-102(A)(4), you made false and misleading statements to him regarding your alleged communications with the Motor Vehicle Department.
The second count against you involved Mr. and Mrs. Chavez who retained you to file bankruptcy on their behalf after a $2,667.54 judgment was taken against them. They first consulted you in February, 1975, but you advised them to delay filing bankruptcy until after receiving their income tax refund. In early April, 1975, they paid you $100 for the filing fee and gave you a list of fifteen creditors to be listed in the bankruptcy proceeding. You failed to file the bankruptcy petitions until early October, 1975, and explained the delay to the clients by blaming your secretaries. However, you apparently gave the bankruptcy judge different excuses for *130 the delay.
As a result of the judgment which should have been discharged in bankruptcy, your clients were cited into court for a post-judgment discovery hearing. You advised them that they could ignore the citation and that you would take care of it. On your advice the Chavezes failed to appear for the discovery hearing and were cited for contempt. Mr. Chavez was arrested on a bench warrant and jailed overnight. Mrs. Chavez was not jailed only because she had four small children at home, but she was ordered by the sheriff to appear in court with her husband the morning of October 15, 1975. You were present in court at that time and in spite of your explanation that bankruptcy proceedings had been filed, the Chavezes were found guilty of comtempt. Mrs. Chavez was ordered to spend two hours in jail.
Your conduct in handling the Chavezes’ matter amounted to gross negligence and violated DR 6-101 (A)(2), and DR 6-101 (A)(3) and DR 7-101(A).
The legal profession has set for itself high standards of professional ethics and responsibility. It is the obligation of this court to enforce those standards. Your utter lack of responsibility in representing these clients indicates an attitude on your part of disrespect for the legal profession’s high ethical standards. We hold that your gross negligence and misrepresentation in these two matters flagrantly violated your oath as an attorney and that you are fully deserving of this disciplinary action.
Mr. McMichael, you are publicly censured for your dereliction of duty to your former clients. You are also solemnly warned that any repetition of such conduct by you in representing any client, or any breach of your duty as a lawyer, will be cause for the imposition of more severe disciplinary action against you. We sincerely hope and trust that it will never again be necessary for this court to discipline you.
Mr. McMichael, you are ordered to pay the costs of these proceedings in the sum of $259.44. This amount is to be paid by you to the Clerk of this Court within thirty days from this date.
MR. JUSTICE GROVES does not participate.